IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-276-BO

| | | |
|---|---|---|
| SHARON GWENDOLYN HINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on August 31, 2017, at Edenton, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claims for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on October 21, 2013, and alleges disability beginning September 21, 2013. After initial denials, a video hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart,* 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert,* 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since the alleged onset date and that she met the insured status requirements through March 31, 2017. Plaintiff's degenerative disc disease and learning disorder were considered severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. The ALJ concluded that plaintiff had the RFC to perform a full range of medium, unskilled work and at step four the ALJ found that plaintiff could perform her past relevant work as a laundry attendant. Thus, the ALJ found that plaintiff had not been under a disability from September 21, 2013, through October 13, 2015, the date of the decision.

Plaintiff assigns the following errors to the ALJ: failure to evaluate Listing 12.05C; failure to include limitations related to concentration, persistence, and pace in the RFC; and failure to correctly apply the law to find that plaintiff was disabled under the GRIDS. The Court addresses each error in turn.

3

Listing 12.05, which addresses intellectual disability "refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; *i.e.*, the evidence demonstrates or supports onset of the impairment before age 22." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.05. Further required to meet Listing 12.05C is a "valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." Here, the ALJ found that the criteria for Listing 12.05C were not met because the ALJ did not find the results of an IQ test administered to be reliable and because plaintiff's fifteen-year work history following her completion of high school belied any evidence of deficits in adaptive functioning prior to age twenty-two. The ALJ further noted that plaintiff only stopped work as a laundry attendant when she was fired for misconduct, not because of any difficulty she had performing her duties. The Court finds no error with the ALJ's reliance on plaintiff's work history as evidence of her ability to adapt to required tasks. Accordingly, the ALJ properly found that plaintiff failed to carry her burden to show that she met a Listing at step three.

Plaintiff next contends that the ALJ failed to properly account for her moderate limitations in concentration, persistence, and pace in the RFC. In *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), the Fourth Circuit joined with other circuits in finding that a restriction to simple, routine tasks or unskilled work does not account for a plaintiff's limitations in concentration, persistence, and pace. Although the ALJ's decision does not expressly explain how a limitation to unskilled work would sufficiently account for plaintiff's concentration, persistence, and pace limitations found at step three, the Court finds the error to be harmless here. In explaining the RFC finding, the ALJ noted that he did not find plaintiff to be credible regarding her limitations

both intellectually and physically and that he gave her the benefit of the doubt in limiting her to unskilled work. The ALJ specifically found that the RFC is "based on the claimant's activity being inconsistent with disabling impairments." Tr. 20. The ALJ has sufficiently explained the basis for the RFC finding and and remand under *Mascio* is not required.

Finally, plaintiff argues that the ALJ erred in not finding plaintiff disabled under the GRIDS. As defendant correctly notes, the medical-vocational guidelines (GRIDS) are only applied at step five of the sequential evaluation, and this case was decided at step four. *See* 20 C.F.R. Pt. 404, Subpart P., App. 2 § 200.00. This argument thus fails.

Having conducted a full review of the record and decision in this matter, the Court finds that the decision as a whole is supported by substantial evidence and that the correct legal standard was applied.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is DENIED and defendant's motion for judgment on the pleadings [DE 18] is GRANTED. The decision of the Commissioner is AFFIRMED.

SO ORDERED, this 13 day of September, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE